**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Mason Johnson, | ) | |
| | ) | Civil Action No. 5:14-cv-04024-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 34) filed on June 8, 2015, recommending that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed with prejudice for failure to prosecute.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate Judge entered an order in this case on March 20, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the importance of him filing an adequate response to Respondent's Motion for Summary Judgment, (ECF Nos. 26,

1

27), and of the need for him to file an adequate response. (ECF No. 34 at 1 (noting that "Petitioner was specifically advised that if he failed to respond adequately, Respondent's motion may be granted, thereby ending this case").)

Petitioner still failed to respond to Respondent's Motion for Summary Judgment. The Magistrate Judge then ordered Petitioner to advise the court within approximately one month as to his plans for continuing the case. (*Id.* at 1.) Again, Petitioner filed no response. (*See id.* ("[I]t appears that Petitioner has abandoned his action . . . .").)

Upon review of the Report and the record in this case, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 34). It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) be **DISMISSED** with prejudice for failure to prosecute.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

2

United States District Judge

October 14, 2015
Columbia, South Carolina